UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HAKEEM MEADE and MARSHALL SOOKRAM, on behalf of themselves and all others similarly situated | * * * | No. 20-cv-01455 |
| | * | Section "J" |
| versus | * | Judge Barbier |
| | * | |
| PAUL A. BONIN, Judge of the Orleans Parish Criminal District Court, and ETOH MONITORING, LLC, a Louisiana Limited Liability Company | * * * * * | Magistrate "3" Magistrate Douglas |
| *    *    *    *    *    *    * | | |

**MEMORANDUM IN SUPPORT OF MOTION ON BEHALF
OF DEFENDANT, ETOH MONITORING, LLC,
TO DISMISS FOR FAILURE TO STATE A CLAIM UPON
WHICH RELIEF CAN BE GRANTED [FRCP RULE 12(b)(6)]**

MAY IT PLEASE THE COURT:

The defendant, ETOH MONITORING, LLC, [hereafter referred to as "ETOH" or "Defendant"], presents the following memorandum in support of its motion to dismiss all claims presented against it in the Class Action Complaint for Declaratory and Injunctive Relief (R. Doc. No. 1) and in the First Amended Class Action Complaint for Declaratory and Injunctive Relief (R. Doc. No. 7).

FACTUAL HISTORY - CLAIMS PRESENTED

This litigation involves claims under 42 USC § 1983 for alleged violations of the plaintiffs' rights to Due Process under the Fourteenth Amendment as a result of ETOH

providing electronic monitoring services as ordered by the defendant, Judge Paul A. Bonin ("BONIN"). The plaintiffs were criminal defendants in BONIN'S division of Orleans Parish Criminal District Court and were ordered by BONIN to undergo electronic monitoring as a condition of their bond release. The first named plaintiff, HAKEEM MEADE ("MEADE") was ordered by BONIN to undergo electronic monitoring with ETOH. (R. Doc. No. 7, ¶ 23). The second named plaintiff, MARSHALL SOOKRAM ("SOOKRAM") was also ordered by BONIN to undergo electronic monitoring. SOOKRAM was not directed to ETOH by BONIN and he originally began electronic monitoring with a bail bond company, however, he switched to being monitoring by ETOH because ETOH agreed to place him on a more graduated payment plan. (R. Doc. No. 7, ¶'s 48-51).

The plaintiffs allege that because the law firms of the principals of ETOH, previously provided lawful and fully-disclosed campaign contributions to BONIN'S three campaigns between 2005 and 2016, BONIN and ETOH nevertheless violated the plaintiff due process rights under the Fourteenth Amendment by not making additional disclosures to the plaintiffs of the campaign contributions.[1]

Specifically, the plaintiffs have asserted claims against ETOH under 42 U.S.C. § 1983 for alleged violations of their Due Process rights guaranteed by the Fourteenth

---

[1] At no point do the plaintiffs allege that ETOH provided any contributions to BONIN'S three judicial campaigns, rather, the plaintiffs admit that the contributions were made by the respective law firms of each of the principals of ETOH between 2005 and 2016.

Amendment because ETOH did not make additional disclosures of the prior campaign contributions made by the law firms of its principals to BONIN'S three campaigns despite their inclusion on publicly available campaign finance reports.

In their complaint(s), the plaintiffs admit that they are aware of the previous campaign contributions made by the law firms of the principals of ETOH to BONIN'S three prior campaigns from 2005 - 2016[2], and they further admit that such donations did not appear to violate any law. (See, R. Doc. No. 1, ¶ 60; and R. Doc. No. 7, ¶ 79.)

In their complaint(s), the plaintiffs further admit that it was BONIN who solely ordered the plaintiff(s) on and/or off of electronic monitoring. (See R. Doc. No. 1, ¶¶ 30, 31, 32, 33, and 35; R. Doc. No. 7, ¶¶ 30, 31, 32, 33, 35, 48, 57, and 58). Importantly, at no point in their complaint(s) do the plaintiffs allege or even assert that any member of ETOH was present when any order for electronic monitoring was entered by BONIN, that any member of ETOH otherwise solicited or otherwise participated in entry of any electronic monitoring order, that ETOH was even aware when the orders for electronic monitoring were entered by BONIN, or that BONIN and ETOH had any agreement or understanding regarding any orders of electronic monitoring because in fact no such agreement or understanding ever existed between BONIN and ETOH.

Further, in their complaint(s) plaintiffs admit: (1) ETOH is a "private company";

---

[2] Throughout the complaint the plaintiffs allege the contributions and loans were made to Bonin. However, at paragraph 54 of the complaint, R. Doc. No. 1, and paragraphs 73-74 of R. Doc. No. 7, the plaintiffs more accurately state that donations and a loan were made to three judicial election campaigns of Judge Bonin.

(2) is one of three ankle monitoring companies operating in Orleans Parish; (3) Orleans Parish Criminal Court does not operate its own ankle monitoring service; and (4) that electronic monitoring is a common practice which occurs nationally to allow courts and/or judges to monitor the actions of a criminal defendant. (R. Doc. No. 1, Introduction Paragraph and ¶¶ 9-11; R. Doc. No. 7, Introduction Paragraph and ¶¶ 10-12).

## LAW AND ARGUMENT

Based upon the allegations and statements contained in the complaint(s), the plaintiffs have failed to state any claim upon which relief can be granted against ETOH. As a result, all of the plaintiffs' claims against ETOH should be dismissed with prejudice.

A.     Motion to Dismiss under FRCP 12(b)(6)

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement of the claim showing that the pleader is entitled to relief. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell A. Corp v. Twombly, citing, Papasan v. Allain, 478 U.S. 265, 286, (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level. Id., citing, Wright

& A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004), ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). Bell A. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The statement of the claim must give the defendant fair notice of what the claim is and the grounds upon which it rests. Id.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Glotfelty, et al. v. Hart, et al., 2012 WL 1204736, (EDLA, 2012), citing, Ashcroft v. Iqbal, 556 U.S. 662, 679, (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, (2007). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679. In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. Twombly, 550 U.S. at 557. The Court is not bound to accept as true legal conclusions couched as factual allegations. Glotfelty, 2012 WL 1204736, citing, Iqbal, 129 S.Ct. at 1949-50.

B.  Claims under 42 USC § 1983 - Fourteenth Amendment

The Fourteenth Amendment to the United States Constitution provides, in pertinent part, that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Section 1983 provides a claim against anyone who under the color of any statute, ordinance, regulation, custom, or usage, of any State violates another's constitutional rights. 42 USC § 1983. Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights under color of law. Fennell v. Marlon Independent School District, 804 F.3d 398, (5th Cir. 2015). Section 1983 itself is not a source of substantive rights; it merely provides a method for vindicating already conferred federal rights. Id., citing, Bauer v. Texas, 341 F.3d 352, (5th Cir. 2003).

"To state a section 1983 claim a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under the color of state law." Whitley v. Hanna, 726 F.3d 631, (5th Cir. 2013), citing, Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, (5th Cir. 2000).

Like the state-action requirement of the Fourteenth Amendment, the under-color-

of-state-law element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Insurance Company v. Sullivan, 526 U.S. 40, (1999). When deprivations of rights under the Fourteenth Amendment are alleged, the state-action requirement of § 1983 merge with the state action requirement under the Fourteenth Amendment. Id., citing, Lugar v. Edmondson, 457 US 922, (1982)

Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under the color of state law'. Townsend v. Moya, 291 F.3d 859, (5th Cir. 2002), citing, United States v. Causey, 185 F.3d 407, (5th Cir. 1999). A defendant acts under color of state law if he misuses or abuses his official powers and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. Id.

Where a plaintiff brings a § 1983 action against a state official, the requirement to show that the defendant "acted under the color of state law" is satisfied by demonstrating state action under the Fourteenth Amendment. Glotfelty v. Karas, 2013 WL 600253, (5th Cir. 2013), citing, Lugar v. Edmonton Oil, Co., 457 U.S. 922, 929, (1982).

Similarly, for a private actor to be held liable under § 1983, the challenged conduct must be fairly attributable to the State. Id., citing, Bass v. Parkwood Hosp., 180 F.3d 234, (5th Cir. 1999). This means the plaintiff must show (1) that the

deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor.  Id., citing, Priester v. Lowndes County, 354 F.3d 414, 423, (5th Cir. 2004).  A plaintiff can make such a showing by demonstrating that the "private citizen was a 'willful participant in joint activity with the State or its agents'".  Id.  Stated differently, a private citizen may be held liable under § 1983 where the plaintiff alleges "that the citizen conspired with or acted in concert with state actors."  Id., citing, Mylett v. Jeane, 879 F.2d 1272, 1275, (5th Cir. 1989).

     Simply stated, ETOH is not a state actor, and did not act under the color of law for any actions it allegedly took.  The plaintiffs' factually unsupported and unsubstantiated allegation that ETOH is a state actor or acted under the color of law is insufficient.  In their complaint, as stated above, the plaintiffs admit that ETOH is a private company and is one of three companies performing electronic monitoring services in New Orleans.  Further, the plaintiffs admit that BONIN acted alone in ordering the plaintiffs on to electronic monitoring.

     The plaintiffs do not allege or claim that any member or representative of ETOH was present when electronic monitoring orders were entered by BONIN.  The plaintiffs do not allege or claim that ETOH in any way participated, solicited,  and/or requested any electronic monitoring orders to be entered.  Finally, the plaintiffs do not allege,

NO. 20-CV-01455, SECTION "J", MAGISTRATE "3"
MEADE, ET AL. V. BONIN, ET AL.
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)
PAGE -8-

claim, or provide any facts that BONIN and ETOH had any agreement, or that they in any way conspired or acted in concert together regarding the entry of electronic monitoring orders. In fact, in the amended complaint at ¶¶ 49-51, SOOKRAM admits that when he was initially ordered on to electronic monitoring by BONIN, he did not receive instructions to enroll with ETOH and in fact enrolled with another monitoring company. SOOKRAM further admits that he alone voluntarily enrolled in electronic monitoring with ETOH because ETOH agreed to put SOOKRAM on a more graduated payment plan. These admissions clearly establish there was no agreement, understanding, or conspiracy between BONIN and ETOH as SOOKRAM originally enrolled in electronic monitoring with another company and voluntarily switched to monitoring with ETOH for his personal benefit.

A private citizen may be held liable under Section 1983 where the plaintiff alleges that the citizen conspired with or acted in concert with state actors. Glotfelty, et al. v. Hart, et al., 2012 WL 1204736, (EDLA, 2012), citing, Priester, 354 F.3d at 420. For the plaintiff to bring such a suit alleging a conspiracy or action in concert with state actors, he must allege, "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." Id. Importantly, conclusory allegations, without reference to specific facts, are insufficient. Id. It is the plaintiffs' burden to allege specific facts showing that an unlawful agreement BONIN and ETOH to commit an illegal act existed. As stated above, the plaintiffs have failed

to even allege that any unlawful agreement between BONIN and ETOH existed much less alleging or providing specific facts to support that such an agreement existed. The reason for this is obvious, no such agreement existed and no illegal act was committed. Further, the plaintiffs' conclusory, unsubstantiated allegations that BONIN allegedly had long-standing personal, financial, professional, and political ties to ETOH, for which the plaintiffs provide no factual support, are purely conclusory and insufficient to state any claim against ETOH under Section 1983.

Regarding the campaign contributions (and loan) made by the law firms of the principals of ETOH to the prior three campaigns of BONIN from 2005-2016, as stated above, the plaintiffs admit that the contributions did not violate any law. Further, the contributions were fully and properly disclosed on the campaign finance reports by BONIN'S campaigns which are readily available to the public on the website for the Louisiana Ethics Administration Program. The lawful and disclosed campaign contributions made by the law firms of the principals of ETOH to BONIN'S three prior judicial campaigns between 2005 and 2016 do not and cannot serve as a basis for a Section 1983 claim against ETOH by the plaintiffs and do not make ETOH a "state actor" under Section 1983. The donations did not violate any law or any constitutional right of the plaintiffs. Further, ETOH was under no obligation, duty, or legal requirement to make any disclosures of the lawful contributions made by the law firms of its principals dating back over ten years. The plaintiffs' allegations regarding the prior

campaign contributions of the law firms of the principals of ETOH are insufficient to state a claim against ETOH under Section 1983.

## CONCLUSION

The plaintiffs have failed to state a claim against ETOH under Section 1983 and/or the Fourteenth Amendment. ETOH is a private company and at no time did it act under the color of state law. ETOH did not commit any illegal acts, nor did ETOH have any agreement with BONIN to commit any illegal acts or to deprive the plaintiffs of their constitutional rights as required for Section 1983 claims against private individuals or entities. The plaintiffs have admitted that neither electronic monitoring orders by BONIN, nor the campaign contributions made by the law firms of the principals of ETOH were unlawful. Because ETOH, as a private company, did not act under the color of law, did not commit any unlawful act, and did not participate in any agreement or conspiracy with BONIN to commit any illegal act or to deprive the plaintiffs of their constitutional rights, the plaintiffs have failed to state a cause of action against ETOH for which relief can be granted and their claims should be dismissed with prejudice.

WHEREFORE, for the reasons stated herein, as well as in the accompanying motion, it is prayed that all of the claims presented by the plaintiffs against ETOH MONITORING, LLC, be dismissed by this Honorable Court with prejudice.

Respectfully submitted,

/s/ Leonard L. Levenson
LEONARD L. LEVENSON, T.A. (#8675)
CHRISTIAN W. HELMKE (#29594)
DONNA R. BARRIOS (#32093)
650 Poydras Street, Suite 2750
New Orleans, LA 70130
Telephone:  (504) 586-0066
Facsimile:    (504) 586-0079
E-mail:        lenlawyer@aol.com
                    cwhelmke@gmail.com
                    dbarrios@bellsouth.net
ATTORNEYS FOR DEFENDANT,
ETOH MONITORING, LLC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 14TH DAY OF JULY, 2020, I ELECTRONICALLY FILED THE FOREGOING PLEADING WITH THE CLERK OF COURT USING THE CM/ECF SYSTEM WHICH WILL AUTOMATICALLY SERVE NOTICE OF THE ELECTRONIC FILING TO ALL COUNSEL OF RECORD.  I FURTHER CERTIFY THAT I MAILED THE FOREGOING PLEADING AND NOTICE OF ELECTRONIC FILING BY U.S. MAILS, FIRST CLASS, POSTAGE PREPAID AND PROPERLY ADDRESSED TO THE FOLLOWING NON-CM/ECF PARTICIPANTS:  _____N/A_____.

/S/ LEONARD L. LEVENSON