UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HAKEEM MEADE, et al.                *        No. 20-cv-01455
                                    *
                                    *        Section "J"
versus                              *        Judge Barbier
                                    *
PAUL A. BONIN, et al.               *        Magistrate "3"
Orleans Parish Criminal District    *        Magistrate Douglas
*     *     *     *     *     *      *

OPPOSITION AND RESPONSE ON BEHALF OF ETOH
MONITORING, LLC, TO PLAINTIFFS' OBJECTION
TO MAGISTRATE JUDGE'S PRETRIAL ORDER

MAY IT PLEASE THE COURT:

The Defendant, ETOH MONITORING, LLC ("ETOH"), presents the following

opposition and response to Plaintiffs' Objection to Magistrate Judge's Pretrial Order (R.

Doc. No. 49).

BRIEF FACTUAL HISTORY

This matter is a proposed class action which involves claims under the Fourteenth

Amendment for alleged due process violations.  Specifically, the plaintiffs claim that the

former defendant, Orleans Criminal Court Judge Paul Bonin, violated the constitutional

rights of the plaintiffs by ordering the plaintiffs (who were criminal defendants in his

Court) to participate in electronic monitoring with ETOH.[1]

Th plaintiffs have asserted claims under 42 USC § 1983 for alleged violations of

their rights to Due Process under the Fourteenth Amendment as a result of ETOH

---

[1] Judge Bonin has been voluntarily dismissed from this litigation by the plaintiffs.  Judge Bonin did not see re-election for 2020, and as a result no longer serves as a judge in Criminal District Court.

providing electronic monitoring services as ordered by the defendant, Judge Paul A. Bonin ("BONIN").

The plaintiffs allege that because Judge Bonin failed to disclose to each plaintiff that he had been a law partner with one of the principals of ETOH (approximately 40 years ago), Judge Bonin violated the Fourteenth Amendment rights of the plaintiffs. The plaintiffs further allege that because the law firms of the principals of ETOH previously provided lawful and fully-disclosed campaign contributions to BONIN'S three prior judicial campaigns between 2005 and 2016, BONIN violated the plaintiffs' due process rights under the Fourteenth Amendment by not making additional disclosures to each of the plaintiffs of the campaign contributions when they were ordered on to electronic monitoring, despite their inclusion on publicly available campaign finance reports.[2]

Likewise, the plaintiffs also allege that because ETOH did not disclose to each plaintiff, as they were installed on the electronic monitoring program, that one of its principals had been Judge Bonin's law partner approximately 40 years ago, and because ETOH did not disclose that the law firms of its principals made previous lawful campaign contributions to the campaigns of Judge Bonin in the past, ETOH also violated the Fourteenth Amendment rights of the plaintiffs.

---

[2]   In their complaint(s), the plaintiffs admit that they are aware of the previous campaign contributions made by the law firms of the principals of ETOH to BONIN'S three prior campaigns from 2005 - 2016, and they further admit that such donations did not violate any law. (See, R. Doc. No. 1, ¶ 60; and R. Doc. No. 7, ¶ 79.)

<u>DISCOVERY DISPUTE</u>

At issue in the discovery dispute is partially redacted copies of ETOH Monitoring Agreement pertaining to "Alternate Contacts". (Attached hereto - Exhibit "A").[3]  In its most recent document production ETOH only redacted the "Alternate Contacts" listed by the participant on the Monitoring Agreements.  It is the redaction of the "Alternate Contacts" that is the subject of the discovery dispute.

The "Alternate Contacts" are listed on the agreement by each participant solely as a possible alternate person for ETOH to contact solely in the event ETOH is unable to contact the participant directly.  The "Alternate Contacts" are other individuals, e.g., friends, neighbors, family members, employers, co-workers, etc., who have never been placed on electronic monitoring; may or may not even be aware that they were listed on the agreements; and may or may not have ever been contacted by ETOH.  For example, if a participant allowed their GPS bracelet to fully discharge because they did not charge the device, and only if ETOH was unable to reach the participant directly, would ETOH attempt to contact the participant through an alternate contact to reach the participant regarding their device.  If ETOH was able to contact the participant directly, ETOH would not contact any "Alternate Contact" unless directed to do so by the participant.

---

[3]    Originally, ETOH redacted the five digits of the participant's social security number and the participant's contact phone numbers.  However, upon the recent entry of a protective order in this matter, the Monitoring Agreements have been produced with only the alternate contacts redacted.  Exhibit "A" is attached hereto provide this Court with an example of the ETOH Monitoring Agreement with the Alternate Contacts redacted. ETOH has now produced copies of all Monitoring Agreements for all plaintiffs with only the Alternate Contacts redacted, all contact information for the participants has been unredacted and produced.  The document attached as Exhibit "A" was not subject to the Protective Order.

A.      RULING OF MAGISTRATE DOUGLAS

After obtaining submissions from all parties detailing the dispute regarding the redaction of the "Alternate Contacts" section of the Monitoring Agreements, Magistrate Douglas conducted a telephone discovery conference on May 24, 2021.  During the discovery conference, Magistrate Douglas asked questions of all parties and heard arguments from all counsel.  Ultimately, Magistrate Douglas issued an order finding that "the contact information sought by Plaintiffs is not proportional to the claims and defenses asserted in this case.  Accordingly, defendant, ETOH, Monitoring, LLC, is required to produce the ETOH Monitoring Agreements with redactions of the alternate names and contact information listed therein." (R. Doc. No. 45).

The Plaintiffs have now filed an objection to Magistrate Douglas' ruling regarding the redaction of the "Alternate Contact" information.

B.      The "Alternate Contact" information is not relevant to any claim or defense

Magistrate Douglas' Order is neither clearly erroneous nor contrary to law and the plaintiffs' objection to that order should be overruled and denied.  Under FRCP 72(a), a magistrate's judge's ruling on a non-dispositive matter is subject to reversal only where the decision is "clearly erroneous or contrary to law."  Pablovich v. Rooms To Go Louisiana Corp., No. 20-617, (E.D. La. 3/31/21), 2021 WL 1207799.

Magistrate Douglas properly ordered the redaction of the "Alternate Contact" information.   As stated above, the individuals listed as "Alternate Contacts" never participated in electronic monitoring, never authorized their contact information to be

released, and may not even be aware that they were listed on the agreements by the participants.  The identity of the "Alternate Contacts" are in no way relevant, related to, or proportional to any of the plaintiffs' Fourteenth Amendment claims against ETOH, i.e., for allegedly failing to disclose legal past campaign contributions and that a principal of ETOH had been law partners with Judge Bonin approximately 40 years ago.  Further, plaintiffs' counsel are in possession of all contact information for all participants and can easily contact each participant directly to obtain any information they desire.  Clearly, through contacting each participant directly, plaintiffs' counsel can easily obtain the "Alternate Contacts" information each participant included on their agreements if they desire to do so.  Requiring ETOH to release the "Alternate Contact" information on these individuals will only subject ETOH to further possible complaints and legal action by those "Alternate Contacts" for the release of their personal information arguably in violation of their right to privacy as provided by Article I § 5 of the Louisiana Constitution which will further damage ETOH'S business and operation.  Plaintiffs' counsel can obtain this information directly from the participants without subjecting ETOH to any further complaints or legal action.

In their objection, the plaintiffs allege that individuals listed in as "Alternate Contacts" have relevant information and that they are "crucial for the identification and location of putative class members." (R. Doc. No. 49-1, pg. 1).  The foregoing statements are disingenuous at best. As stated above, plaintiffs' counsel are now in possession of all of the contact information listed for every participant ordered on to electronic

monitoring by Judge Bonin with ETOH, thus, <u>they are in possession of the identifying information of all putative class members.</u>  The fact is, the plaintiffs' request for the production of "Alternate Contact" information is nothing more than a "fishing expedition" designed to burden, harass, and intimidate ETOH and possibly subject ETOH to additional legal action by those individuals listed as "Alternate Contacts." The plaintiffs' attempt to justify their request by arguing, "in this case, alternate contacts is just another way of saying witnesses."  (R. Doc. No. 49-1, pg. 4), while at the same time admitting that they believe (based upon no facts or evidence) that the "Alternate Contacts" "will likely have knowledge about the putative class members' interactions with ETOH and Judge Bonin." (R. Doc. No. 49-1, pg. 5) highlights the dubiousness underlying the plaintiffs' request and ignores the fact that plaintiffs are in possession of all contact information for every alleged putative class member.

Again, the claims asserted by the plaintiffs against ETOH are for alleged violations of the 14th Amendment for, (1)  ETOH'S failure to disclose the prior legal campaign contributions made by the law firms of ETOH'S principals to Judge Bonin's prior judicial campaigns, and (2) ETOH'S failure to disclose that approximately 40 years ago, one of its principals was a law partner with Judge Bonin.  The "Alternate Contact" information (individuals who have never been placed on electronic monitoring; may or may not even be aware that they were listed on the agreements; and may or may not have ever been contacted by ETOH) is in no way relevant, related to, or proportional to any claim or defense presented herein.  Simply stated, the "Alternate Contact"

information is not the proper subject of discovery.  As stated above, plaintiffs' counsel is in possession of the identity and contact information of all putative class members, i.e., electronic monitoring participants, all information can be obtained directly from them.

WHEREFORE, it is prayed that this Court overrule and deny the plaintiffs' objection to Magistrate Douglas' discovery ruling.

Respectfully submitted,

/s/ Christian W. Helmke
LEONARD L. LEVENSON, T.A. (#8675)
CHRISTIAN W. HELMKE (#29594)
DONNA R. BARRIOS (#32093)
650 Poydras Street, Suite 2750
New Orleans, LA 70130
Telephone:  (504) 586-0066
Facsimile:   (504) 586-0079
E-mail:      lenlawyer@aol.com
             cwhelmke@gmail.com
             dbarrios@bellsouth.net
ATTORNEYS FOR DEFENDANT,
ETOH MONITORING, LLC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 21ST DAY OF JUNE, 2021, I ELECTRONICALLY FILED THE FOREGOING PLEADING WITH THE CLERK OF COURT USING THE CM/ECF SYSTEM WHICH WILL AUTOMATICALLY SERVE NOTICE OF THE ELECTRONIC FILING TO ALL COUNSEL OF RECORD.  I FURTHER CERTIFY THAT I MAILED THE FOREGOING PLEADING AND NOTICE OF ELECTRONIC FILING BY U.S. MAILS, FIRST CLASS, POSTAGE PREPAID AND PROPERLY ADDRESSED TO THE FOLLOWING NON-CM/ECF PARTICIPANTS:  _____N/A_____.

/S/ CHRISTIAN W. HELMKE